UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHAYCOYA MONTGOMERY

    Plaintiff

    -V-                                                                        Civil Action No. 1:23-cv-00038-AW-MAF

OFFICER JOHN GUYTON

    Defendant

### THE DEFENDANT'S ANSWER TO THE COMPLAINT

I.   The Parties Filing the Answer to the Complaint

Officer John Guyton
1000 SW 62nd Blvd Apt 1811
Gainesville, Alachua County
Florida, 32607
904-844-1713
guytongpd@gmail.com

II.   Answer to SHAYCOYA MONTGOMERY

My name is Ofc John Guyton, and I am representing myself in this action. In response to each of the numbered paragraphs of the Plaintiff's Complaint or Petition, I state as follows:

1. The allegations of Paragraph One are: admitted as true

2. The allegations of Paragraph Two are: admitted as true

3. The allegations of Paragraph Three are: neither admitted or denied because I do not have enough information to know the truth of the matter

1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

4. The allegations of Paragraph Four are: admitted as true

5. The allegations of Paragraph Five are: neither admitted or denied because I do not have enough information to know the truth of the matter

6. The allegations of Paragraph Six are: neither admitted or denied because I do not have enough information to know the truth of the matter

7. The allegations of Paragraph Seven are: partly true and partly untrue, specifically as follows: On or about August 28, 2022, I was on duty as a uniformed patrol officer for the Gainesville Police Department. I did in fact conduct a traffic stop on one Shacoya Montgomery. However, the traffic stop was 100% legal. After calling Montgomery's FL Tag in, initially dispatch returned the tag to be stolen. Coupled with that Montgomery was missing a front headlight (Fss 316-220). Both of these gave me probable cause (PC) to conduct a traffic stop of the vehicle. Additionally through my training and experience (I am a certified Drug Recognition Expert) as well as made statements I had strong reasonable suspicions to believe Montgomery to be impaired. Once the vehicle (Montgomery's vehicle was stop I rechecked the tag with dispatched as I usually do to ensure there was no human area, and dispatched stated they had made a mistake and that tag was clear and valid. I immediately informed Montgomery of this. However, due to her state she had serious problems retaining and recalling the conversation which would have been stored in her short term memory. Issues with short term memory is an indicator of impairment from a Central Nervous System Depressant. Alcohol (ETOH) is a CNS Depressant. After I told Montgomery her tag was good repeatedly, I reminded her she was still missing a front head light so the traffic stop would continue. F.s.s 316-220 states vehicle must have two operational white lights on the front of the vehicle. Montgomery did not which allows me to temporarily detain her for means of conducting a traffic/investigatory stop.

8. The allegations of Paragraph Eight are: ☐ admitted as true

9. The allegations of Paragraph Nine are: ☐ admitted as true

2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

10. The allegations of Paragraph Ten are: partly true and partly untrue, specifically as follows: The Woman referred to in this paragraph is not named Ms George. This is how well the plaintiff knows her. This also speaks to her memory of the night in question. The woman referred to in this paragraph name is Karen Blount. George is a name only used for Social Media. At no time did Blount state to Montgomery she was terrified, afraid, or any other statement that equals fear this statement is completely false. Blount informed the plaintiff that she should wait until I leave the area before driving away. Blount informed the plaintiff that I am a DUI investigator and I had knowledge that everyone present including the plaintiff had consumed copious amount of alcohol and that if she got on the road the chances is of the plaintiff or Ms Blount getting pulled over was great. Ms Blount also told the plaintiff it didn't matter who it was I would do my job.

11. The allegations of Paragraph Eleven are: partly true and partly untrue, specifically as follows: Initially, I had no knowledge of the plaintiff's vehicle being stuck. It wasn't until the tow truck arrived that I had any clue as I was paying no attention to the vehicle. However, The Pavilion on 62nd is a privately own complex. I am not required to complete a crash investigation on private property. However, the plaintiff could have simply approached me and asked for help as a human being I would have help. Or, the plaintiff could have simply dialed 352-955-1818 (Non-emergency) and an officer would have been dispatched to her. The plaintiff did not do either of these as I would've knew then that her hand and eye coordination and reaction time was impaired as she failed to navigate a simple turn in the parking lot causing her vehicle to encroach upon a curb.

12. The allegations of Paragraph Twelve are: partly true and partly untrue, specifically as follows: There is no Ms George. Ms Blount informed the Plaintiff that she had agreed not to leave the complex after drinking. Ms Blount informed the plaintiff that I knew everyone had been drinking. Ms Blount informed the plaintiff that if I pulled her over, and found that she (plaintiff) had been drinking I would arrest her and there's nothing that she (Ms. Blount) could do.

13. The allegations of Paragraph Thirteen are: partly true and partly untrue, specifically as follows: There is no Ms. George, Ms Blount followed the plaintiff not for protection but because she knew she had drank large quantities of alcohol. Ms Blount had also consumed alcohol and her judgment was impaired

14. The allegations of Paragraph Fourteen are: partly true and partly untrue, specifically as follows: After attempting to clear up the error of the tag and reiterating the headlight I informed the plaintiff of my suspicions concerning her drinking and driving. I informed her I

3

could smell the alcohol emanating from her breath with each exhale. I informed her eyes were blood shot and watery as well as I observed an orbital sway. I also reminded her I knew she had been drinking because it was my apartment that she was drinking at. It is my experience that, it isn't me most people are horrified of in these type of situations. It is actually the fact they have been caught and the possibility of punishment that causes a person to be "horrified".

15. The allegations of Paragraph Fifteen are: partly true and partly untrue, specifically as follows: It should be noted, this traffic stop was executed in the parking lot of a very well-lit Circle K gas station. The Gas station was open at the time and there were people present. The plaintiff car was stopped in a parking spot directly in front of the store. However, as I pulled in at an angle, when the plaintiff exited her vehicle, she was actually out of frame of my dash camera. As a result, I asked that she walked approximately 15ft to the front of my vehicle so that she was in frame of the camera. Additionally, my body camera was active as well as the cameras at the front of the store. The plaintiff was not horrified, she was extremely rude and defiant. She yelled and had to be asked to do things multiple times. Her language was vulgar and racist most of the time. The plaintiff was on social media live for most of the interaction and did not seem to be very frighten by me.

16. The allegations of Paragraph Sixteen are: neither admitted or denied because I do not have enough information to know the truth of the matter: As it pertains to any further paragraphs, I am unable to reply. The state in which I received the complaint was extremely poor. It was very difficult to read any of it as a whole and impossible to make out any words after paragraph 15.

III. **DEFENSE**

1. The manner of serving the defendant with the summons and complaint was insufficient. I was never officially served with any document concerning this case. The plaintiff knows where I stay. I would have been very easy to get my address, however, the plaintiff and her counsel served GPD instead even though it was stated I was being sued individually. I did not and would never give GPD permission to receive or sign for any of my personal documents. This is a clear RULE 5 Violation.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

2. The complaint fails to state a claim upon which relief can be granted. The Plaintiff's complaint is based off a 4th Amendment violation (unlawful detainment). However, my answer has shown there was nothing unlawful surrounding the plaintiff detainment. I have given several reason for her detainment however, either of those stated along would have warranted being pulled over. The plaintiff stated I put her in fear and she was horrified. However it was the plaintiff who was extremely passive aggressive and antagonizing.

IV. **COUNTERCLAIM**

1. I (defendant) am at this time asserting a counterclaim against the defendant for Defamation of Character. I assert that the false allegation of a 4th Amendment violation has damaged my reputation and trust with my supervisors at work. This false allegation had stopped me from advancing in rank as well as being laterally promoted and attending different classes and certifications all of which affect my overall earning potential. Additionally, a 4th Amendment violation damages my reputation with the great neighbors of Gainesville how ALLOW me to police them. Our Gainesville neighbors have to trust me in order to allow me to police them. I have worked extremely had to gain that trust. Now, with this false allegation, that trust has been tainted.

V. **CONCLUSION**

2. WHEREFORE, the Defendant requests that this Court deny Plaintiff's claims, enter judgment in favor of Defendant, dismiss this suit with prejudice, and award Defendant its fees and costs, including attorney fees, reasonably incurred in connection to this matter.

VI. **CERTIFICATION**

3. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is

5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

4. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 6-27-2023

*[signature]*

Signature of Defendant

Officer John Guyton

Printed Name of Defendant