# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

**SHACOYA MONTGOMERY,**

    Plaintiff,

vs.                              Case No. 1:23cv38-AW-MAF

**OFFICER JOHN GUYTON,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Shacoya Montgomery, represented by counsel, filed a civil rights complaint against Defendant John Guyton, a Gainesville police officer. ECF No. 1. On June 27, 2023, Defendant filed a pro se answer with a counterclaim to the complaint. ECF No. 13. Defendant's counterclaim asserts a state law claim for defamation. *Id.* at 5. Plaintiff was given until July 31, 2023, to file an answer to Defendant's counterclaim. ECF No. 15; *see also* ECF No. 17. Plaintiff responded to that counterclaim by filing a motion to dismiss Defendant's counterclaim. ECF No. 18. Defendant was given until August 10, 2023, to file a response

to that motion.  ECF No. 19.  As of this date, nothing further has been received from the Defendant.

Plaintiff contends that Defendant's counterclaim is insufficient because it does not "describe the specific statements that were 'defamatory,'" describe the "medium which the Plaintiff used to allegedly make the defamatory statements," and "failed to plead compliance with Florida Statute § 770.01" which requires "at least five (5) days written notice" before bringing an action for libel or slander.[1]  ECF No. 18 at 1-2.  Further, Plaintiff asserts "the long-established absolute litigation privilege" as a reason the counterclaim should be dismissed.  *Id.* at 2.  By failing to respond to the motion to dismiss, Defendant has indicated he does not oppose granting Plaintiff's motion.  Moreover, Defendant was advised that pursuant to Local Rule 7.1(H), the Court could grant Plaintiff's motion "by default" if Defendant did "not file a memorandum as required by this rule." N.D. Fla. Loc. R. 7.1(H).  Despite that warning, Defendant failed to respond to the motion.

---

[1] The statute provides: "Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he or she alleges to be false and defamatory."  FLA. STAT. § 770.01.

Page 3 of 8

Even so, the Court has reviewed the Defendant's counterclaim for defamation. Defendant's counterclaim is premised on this lawsuit and the "false allegation" that Defendant violated Plaintiff's Fourth Amendment rights. ECF No. 13 at 5.

"Defamation under Florida law has these five elements: (1) publication; (2) falsity; (3) the statement was made with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement must be defamatory." Turner v. Wells, 879 F.3d 1254, 1262 (11th Cir. 2018) (citing to Jews For Jesus, Inc. v. Rapp, 997 So.2d 1098, 1106 (Fla. 2008)). Yet even if all five of those elements were properly alleged, Defendant's defamation claim here cannot succeed. A "litigation privilege" has been well established in Florida, "providing legal immunity for actions that occur in judicial proceedings." Myers v. Hodges, 53 Fla. 197, 44 So. 357 (1907) (cited in Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So. 2d 380, 383 (Fla. 2007)). The litigation privilege has been extended "to all torts, finding that 'absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a

defamatory statement or other tortious behavior ... so long as the act has some relation to the proceeding.'" Echevarria, McCalla, Raymer, Barrett & Frappier, 950 So. 2d at 383 (quoting Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So. 2d 606, 608 (Fla. 1994) (reasoning that participants in a law suit must "be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct"). This case involves a defamatory statement as Defendant's counterclaim is based upon the Plaintiff's allegations made in this lawsuit. Plaintiff's allegations are protected by the litigation privilege under Florida law and Defendant's counterclaim cannot proceed. Thus, Plaintiff's motion to dismiss the counterclaim, ECF No. 18, should be granted.

As an additional matter, a Court Order was entered in late June 2023, requiring Plaintiff to clearly demonstrate that service was properly carried out so a ruling could be made on Plaintiff's motion for entry of default judgement, ECF No. 11.[2] ECF No. 12 at 4-5. Plaintiff was also required to clarify whether or not she intended to sue the Defendant in his official

---

[2] After two executed summonses were filed in early April, ECF Nos. 5-6, indicating that service was carried out on March 30, 2023, the Clerk entered a default against the Defendant. ECF Nos. 7-8.

capacity since no factual allegations were presented within the complaint to support such a claim. *Id.* at 5.

In response, Plaintiff clarified that she was suing the Defendant in his individual capacity. ECF No. 16 at 1. However, Plaintiff stated an intention to submit an amended complaint in this case and bring claims against both Defendant Guyton and the City of Gainesville. *Id.* at 2. Plaintiff stated that Plaintiff said she had "recently provided the City with the required" notice,[3] but had to wait until the required statutory notice period (6 months) had elapsed under state law (FLA. STAT. § 768.28(6)(d)) to do so. ECF No. 16 at 1-2. Accordingly, on July 5, 2023, Plaintiff requested the Court "abate this action until such time as the City of Gainesville [could] be added." *Id.* at 2. Alternatively, Plaintiff requested this case be dismissed without prejudice to allow the complaint to be re-filed against both Defendants. *Id.*

A subsequent Order was entered, denying Plaintiff's motion for entry of a default judgment, ECF No. 11, as moot in light of the apparent failure to properly serve the Defendant. ECF No. 17. In addition, Defendant's motion to set aside the Clerk's default, ECF No. 14, was granted. Because

---

[3] The notice was attached to Plaintiff's response and demonstrates notice was given on June 13, 2023. ECF No. 16 at 5-6.

Case No. 1:23cv38-AW-MAF

Defendant had not filed a motion to dismiss for failure to serve process, the answer was accepted and Plaintiff required to file a response to Defendant's counterclaim.  ECF No. 17.

The present state of this litigation is that Plaintiff requested that this case be dismissed without prejudice so that Plaintiff could re-file her case against both the individual Defendant, and add the City of Gainesville as a party.  ECF No. 16.  Plaintiff could not voluntarily dismiss her claim at that time, however, because Defendant had already filed an answer and the first part of Rule 41(a) disallows such a dismissal.  Fed. R. Civ. P. 41(a)(1)(A)(i).  The parties were given sufficient opportunity to stipulate to dismissal of this case pursuant to Rule 41(a)(1)(A)(ii).  ECF No. 17.  No stipulation has been filed in the ensuing three months and, indeed, nothing has been filed by either party since July 18, 2023.  *See* ECF No. 18.

The second provision of Rule 41(a) permits an action to be "dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  The Rule provides that if "a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for

independent adjudication." Fed. R. Civ. P. 41(a)(2).  Defendant's state law counterclaim could not remain pending in federal court without Plaintiff's complaint which asserted a basis for federal jurisdiction.  In light of the recommendation now made to dismiss Defendant's counterclaim, it would be appropriate to dismiss this case without prejudice in accordance with Plaintiff's prior request.  *See* ECF No. 16.  Defendant has not objected to such a dismissal, and doing so would enable Plaintiff to initiate a new lawsuit (if she still desires to do so) and properly present her official capacity claim against the proper party.  Furthermore, Plaintiff would also have the chance to properly serve Defendant Guyton, which was not done in this case.  Thereafter, Defendant Guyton may be in a better position to be represented by counsel should the new case proceed against the City as well.  Therefore, it is also recommended that this case be dismissed without prejudice pursuant to Plaintiff's Rule 41(a) request for voluntary dismissal.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion to dismiss Defendant's counterclaim, ECF No. 18, be **GRANTED**, and in light of that dismissal, that Plaintiff's request for a Rule 41(a) voluntary dismissal, ECF

No. 16, be **GRANTED**, and this case be **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

**IN CHAMBERS** at Tallahassee, Florida, on October 31, 2023.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**